**CONTINENTAL CAN COMPANY, INC., a Delaware Corporation; Owens–Illinois, Inc., an Ohio Corporation; Dart Transit Company, a Minnesota Corporation; and National Freight, Inc., a New Jersey Corporation**

v.

**Hon. Howard YERUSALIM, Secretary–Designate of Department of Transportation, Col. John K. Schafer, Commissioner of State Police; Hon. LeRoy S. Zimmerman, Attorney General, and Hon. Robert P. Casey, Governor, Appellants.**

No. 88–5103.

United States Court of Appeals, Third Circuit.

Argued June 24, 1988.

Decided Aug. 15, 1988.

LeRoy Zimmerman, Atty. Gen., Jules S. Henshell (argued), Deputy Atty. Gen., Gregory R. Neuhauser, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Harrisburg, Pa., for appellants.

John H. Lederer (argued), John Duncan Varda, DeWitt, Porter, Huggett, Schumacher & Morgan, S.C., Madison, Wis., Jack M. Stover, Shearer, Mette, Evans & Woodside, S.C., Harrisburg, Pa., for appellees.

Before GIBBONS, Chief Judge, HIGGINBOTHAM, Circuit Judge and ROTH, District Judge [*].

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Pennsylvania officials responsible for enforcement of that state's motor vehicle laws appeal from a summary judgment in favor of certain motor truck operators who sued for declaratory and injunctive relief prohibiting the enforcement of 75 Pa.C.S. § 4923(b)(6) to the extent that it prohibits use in Pennsylvania of 53 foot long, 102 inch wide trailers. The district court held that if section 4923 prohibited such use it was preempted by the Surface Transportation Assistance Act of 1982, (STAA) 49 U.S.C.App. § 2301 et seq. The current dispute is a variation of that considered in *National Freight, Inc. v. Larson*, 760 F.2d 499 (3d Cir.1985), *cert. denied*, 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 227 (1986), in which the same plaintiffs appeared. We will affirm.

In 1982, Congress entered into an area of regulation of motor vehicle transportation formerly left to the states by passing the STAA, which addresses and to some extent preempts state laws dealing with the size, weight, and dimensions of motor vehicles. Prior to 1982, the Commonwealth of Pennsylvania had permitted the use of tractor-trailer combinations with trailers 53 feet in length, but with an overall length of 60 feet. The STAA in relevant part (1) required states to permit commercial motor vehicles consisting of 48 foot semitrailers or 28 foot twin trailers on the National Network,[1] *see* 49 U.S.C.App. §§ 2311(a) & (c); (2) forbade states from prohibiting commercial motor vehicle semitrailer and trailer lengths that had previously been legally operated in the state, *see* 49 U.S.C. App. § 2311(b). The Commonwealth responded to the STAA in several respects. However, it retained an overall length limit of 60 feet on semitrailer combinations with trailers of over 48 feet. *See* 75 Pa.Cons. Stat.Ann. § 4923(b)(6). In *National Freight, Inc. v. Larson*, we held that by virtue of the grandfather clause in 49 U.S. C.App. § 2311(b) and the prohibition on overall length limitations in 49 U.S.C.App. § 2311(b), the Pennsylvania overall length limitation could not apply in that state on the National Network.

The same plaintiffs are before us once again. In *National Freight, Inc. v. Larson*, they established their right to use trailers 53 feet in length with tractors more than 7 feet long because prior to 1982 Pennsylvania had permitted use of such trailers. However, the trailers, use of which was permitted in Pennsylvania prior to December 31, 1982, were limited in width to 96 inches. Pennsylvania takes the position that under its motor vehicle statute (which in this respect is not entirely clear) use of 53 foot trailers is permitted only if they do not exceed 96 inches in width. The plaintiff motor vehicle operators contend that if the Pennsylvania statute is so con-

---

[*] Hon. Jane R. Roth, United States District Judge for the District of Delaware, sitting by designation.

1. National Network refers to the "National System of Interstate and Defense Highways and those classes of qualifying federal-aid primary system highways as designated by the Secretary." 49 U.S.C.App. 2311(a). The National Network is also described in 75 Pa.Cons.Stat. Ann. §§ 4908, 4923(b)(6).

strued it is preempted by 49 U.S.C.App. § 2316(a), which in relevant part provides:

... [N]o state, other than the State of Hawaii shall establish, maintain, or enforce any regulation of commerce which imposes a vehicle width limitation of *more or less* than 102 inches on any segment of the [National Network].

(Emphasis added). The exception for Hawaii was included in recognition of the historical use in that state of certain agricultural vehicles 108 inches in width. Otherwise the width standard, federally imposed, is a uniform 102 inches; no more and no less.

Pennsylvania concedes that the 102 inch width standard applies to trailers covered by the uniform minimum federal length standard of 48 feet. *See* 49 U.S.C.App. §§ 2311(a) & (c). They maintain, however, that the uniform width standard in section 2316(a) has no application to trailers which are permitted only by virtue of the grandfather clause in section 2311(b), which in relevant part reads:

No state shall establish, maintain, or enforce any regulation of commerce which has the effect of prohibiting the use of trailers or semitrailers of such *dimensions* as those that were in actual and lawful use in such State on December 1, 1982.

(Emphasis added). Focusing on the word "dimensions," Pennsylvania urges that only trailers previously in actual use—53 feet by 8 feet—are lawful.

The district court, after reviewing the legislative history of the width standard in section 2316(a), concluded that Congress intended, except for Hawaii, a uniform width standard applicable to all commercial vehicles which may be operated on the National Network. As the district court explained:

Although, as the defendants point out, there is a difference between the meaning of the words "dimensions" and "length," we nevertheless must find, in light of the clear expression of 49 U.S.C. § 2316 and its legislative history, that the width requirement of 102–inches applies to 53–foot long trailers falling un-

der the grandfather clause. The explicit congressional intent to achieve national uniformity in the width of commercial motor vehicles operating on the National Network indicates to us that the word "dimensions," as used in Section 2311(b), should not be interpreted to restrict the width of a grandfathered trailer.

Pennsylvania contends that the district court erred in looking beyond the plain language of the grandfather clause—"dimensions"—to find a legislative intention not expressed in section 2311(b). The difficulty arises, however, from the equally plain language in section 2316(a). The sections must be harmonized. *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); *United States v. Borden Co.,* 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939). Thus the district court properly looked beyond the language of section 2311(b).

If trailers exceeding 102 inches in width had been permitted in Pennsylvania on December 31, 1982, it seems plain that, despite the grandfather clause in section 2311(b), they could not be used after the effective date of section 2316(a). Otherwise the exception for 108 inch trailers in Hawaii would not have been necessary. Thus the uniform width standard does apply, at least as a maximum width, to vehicles covered by the grandfather clause. Pennsylvania has offered no persuasive argument that Congress intended the width standard to apply to grandfathered trailers only as a maximum and not a minimum. It would be arbitrary, indeed, to apply section 2316(a) less rigorously to minimum than to maximum width limitations. The federal agency charged with responsibility for enforcing the STAA apparently agrees, for its implementary regulation prohibits all states except Hawaii from imposing "a width limitation of more or less than 102 inches," 23 C.F.R. § 658.15(a) (1987), with no exception for grandfathered vehicles.

The judgment appealed from will, therefore, be affirmed.